UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81090-CIV-MARRA/HOPKINS

HASHIM MALIK,

    Plaintiff,

vs.

CHRIS HOOD, CURRY AUTO LEASING,
INC., and TEXAS CAPITAL BANK, N.A.,,

    Defendants,
_____/

### **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendant Texas Capital Bank's ("TCB") Motion to Dismiss (DE 16). The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I. Background[1]

This matter arises out of two separate lease agreements reached between Plaintiff Hashim Malik and Defendant Curry Auto Leasing, Inc. ("Curry"). The first lease was for a BMW and was entered into on July 10, 2006 ("BMW Lease"). The second lease was for a Mercedes Benz and entered was into on July 27, 2007 ("Mercedes Lease"). Complaint at ¶¶ 8, 14. As alleged in the Complaint, Curry subsequently assigned the BMW Lease to a non-party to this action, id. at ¶ 18, and the Mercedes Lease to TCB. Id. at ¶ 12.[2] Despite the assignment, Curry continued to

---

[1] The facts are taken from Plaintiff's Complaint and are assumed true for the purposes of Defendant's Motion to Dismiss.

[2] The Court notes that although neither party has provided any evidence of an assignment by Curry to TCB, neither party challenges the existence or validity of that assignment. Accordingly, for purposes of this motion only, the Court presumes the assignment is valid.

function as the servicer or processor on both lease agreements. Id. at ¶¶ 12, 18. The Amended Complaint asserts that Malik never made any payments to TCB, instead making all payments to Curry. Id.

On March 23, 2010, Malik wired $100,000 to TCB. Id. at ¶ 19. Malik instructed Co-Defendant Chris Hood and Curry to use a portion of that transfer to pay off both the Mercedes and BMW leases. Id. at ¶ 20. Despite the request, Curry and Hood failed to apply any portion of the $100,000 to the purchase of either vehicle, instead using the money for their own use and benefit. Id. at ¶ 21. After failing to receive certain payments as required by the Mercedes Lease, TCB repossessed the Mercedes in Florida and Malik was forced to pay over $17,000 to regain possession of the vehicle. Id. at ¶ 22.

On August 19, 2011, Malik filed a complaint in Florida state court against all three defendants. DE 1-2. On September 27, 2011, TCB removed the action to this Court. On October 21, 2011, Malik filed an Amended Complaint alleging Civil Theft (Count I), Construct Fraud (Count II), and Conversion (Count III) against Defendants Hood and Curry, as well as separate claims Conversion (Count IV) and Wrongful Repossession (Count V) against Defendant TCB. DE 14. On October 18, 2011, the Clerk of this Court entered an Order of Default against Defendants Curry and Hood, DE 12. On December 14, 2011, the Court entered a Default Judgment against those defendants. DE 28.

Defendant TCB now seeks to dismiss the remaining two claims pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).

## II. Legal Standard for 12(b)(3) Motion

"Rule 12(b)(3) is the proper avenue for a party's request for dismissal based on a

2

forum-selection clause." Slater v. Energy Services Group Intern., Inc., 634 F.3d 1326, 1333 (11th Cir. 2011).  "In considering a motion under Rule 12(b)(3), a court must accept the facts in a plaintiff's complaint as true."  Walker v. Hallmark Bank & Trust, Ltd., 707 F.Supp. 2d 1322, 1325 (S.D. Fla. 2010) (citing Wai v. Rainbow Holdings, 315 F.Supp. 2d 1261, 1268 (S.D. Fla.2004).  A court may also "consider matters outside the pleadings if presented in proper form by the parties."  Id. (quoting MGC Commc'ns, Inc. v. BellSouth Telecomms., Inc., 146 F.Supp. 2d 1344, 1349 (S.D. Fla.2001).  "Where conflicts exist between allegations in the complaint and evidence outside the pleadings, the court 'must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.' " Id. (quoting Wai, 315 F.Supp.2d at 1268).

### III.  Discussion

That Mercedes Lease states:

> This agreement and the rights of the parties hereunder shall be governed by the laws of the State of Texas.  This agreement has been made in and is performable in Dallas County, Texas.  Any action to enforce or construe this agreement or any document executed in connection herewith shall be commenced in a court in Dallas County, Texas and the parties hereunder shall be bound by the jurisdiction of such court.

DE 14-1 at ¶ k.

In Response to Defendant TCB's Motion to Dismiss, Plaintiff does not challenge the validity of the forum selection clause in the Mercedes Lease.[3]  Instead, without citing any

---

[3] Forum selection clauses are presumptively valid and enforceable unless the plaintiff can make a strong showing that enforcement would be unfair or unreasonable under the circumstances.  Rucker v. Oasis Legal Rinance, L.L.C., 632 F.3d 1231, 1236 (11th Cir. 2011).  A forum selection clause is unenforceable when: 1) its formation was induced by fraud or overreaching; 2) the plaintiff would be deprived of his day in court because of inconvenience or unfairness; 3) the chosen law would deprive the plaintiff of a remedy; or 4) enforcement of the clause would contravene public policy.  Id.  Plaintiff has not asserted that any of these grounds of unenforceability are present.

authority, Plaintiff asserts that his claims for conversion and wrongful repossession are outside the scope of the Mercedes Lease.  The Court rejects Plaintiff's contention.

The forum selection clause provides that "any action to enforce or <u>construe</u> this agreement" shall be commenced in Dallas County, Texas. (emphasis added)   Count IV of Plaintiff's amended complaint alleges TCB "intentionally and maliciously repossessed the Mercedes." DE 14, ¶ 40.  Count V of the amended complaint alleges that TCB "wrongfully, intentionally and maliciously repossessed the Mercedes."  In order to determine whether TCB wrongfully repossessed the Mercedes, the court must "construe" the terms and provisions of the lease agreement.  Without knowing the respective rights and obligations of the parties under the lease, a court cannot resolve Plaintiff's claims.  Thus, this is an action "to enforce or construe this agreement."  <u>See Pods. Inc. v. Paysource, Inc.</u>, Case No. 8:05-CV-1764-T-27EAJ at *2 (M.D. Fla. 2006).

Accordingly, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) is **GRANTED**.

In light of the Court's dismissal pursuant to Rule 12(b)(3), it will not address those portions of Defendant's Motion that seek dismissal pursuant to Rule 12(b)(6).

### IV.  Conclusion

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Texas Capital Bank's Motion to Dismiss (DE 16), is **GRANTED**.  This case as to Texas Capital Bank. N.A.  is **DISMISSED WITHOUT PREJUDICE**.  The Clerk of this Court

is **ORDERED** to **CLOSE** this case.  All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of May, 2012.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record